UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIA MARIZ,<br><br>    Plaintiff,<br>v.<br>JP MORGAN CHASE BANK, *et al.*,<br>    Defendants. | Case No. 12-cv-1617-L(JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND [DOC. 7]** |

  Plaintiff Rosalia Mariz commenced this action against JP Morgan Chase Bank ("JP Morgan") and Laguna Equity Funding, among others. On June 28, 2012, the two defendants removed this action to this Court. This case arises out of the foreclosure of Plaintiff's home in Vista, California. Also, Laguna Equity Funding has since been voluntarily dismissed without prejudice. (Doc. 9.) Defendant JP Morgan now moves to dismiss the Second Amended Complaint ("SAC"). Plaintiff opposes.

  The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 11.) For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss.

//

## I.     BACKGROUND

On or about December 26, 2007, Plaintiff entered into a mortgage loan with Defendant for $810,000.00 secured by a Deed of Trust ("DOT") for property located at 30159 Disney Lane, Vista, California, 92084 (also defined as the "subject property"). (SAC ¶ 15–16.) On January 7, 2008, the DOT was recorded with the San Diego County Recorder's Office, which lists Defendant as the lender and beneficiary, Plaintiff as the borrower, and Chicago Title as the Trustee. (*Id.* ¶ 15.)

On June 25, 2009, a Notice of Default and Election to Sell Under Deed of Trust was executed and then recorded with the San Diego County Recorder's Office. (SAC ¶ 24.) Four days later, a Substitution of Trustee was executed, naming NDEX West, LLC as the new trustee, which was recorded sometime thereafter. (*Id.* ¶ 25.)

In September 2009, the Notice of Trustee's Sale was executed and then recorded. (SAC ¶ 26.) On December 21, 2009, Plaintiff contacted Defendant via mail, and requested a loan-modification arrangement, citing severe hardship. (*Id.* ¶ 27.) During the period from April 14, 2010 to July 14, 2010, Plaintiff exchanged six emails regarding loan modification and rescission of the sale of the subject property with Tiffany Waiyaki from the Home Lending Executive Office for Chase Home Finance. (*Id.* ¶¶ 29, 31.) Plaintiff alleges that "Tiffany Waiyaki had assured Plaintiff that the sale of the property would not take place, because she was in the process of a loan modification." (*Id.* ¶ 30.)

However, on May 26, 2010, the subject property was sold at a public auction. (*Id.* SAC ¶ 28.) On June 3, 2010, a Trustee's Deed Upon Sale was executed and then recorded, which indicates that Southland Home Mortgage, LLC purchased the subject property. (*Id.*) Then, on June 9, 2010, Tiffany Waiyaki sent Plaintiff an email stating that Defendant was in the process of rescinding the sale to Southland but that the process would take time. (*Id.* ¶ 31; SAC Ex. 7.)

Plaintiff has three remaining claims alleged in her SAC: (1) breach of the implied covenant of good faith and fair dealing; (2) violation of the Truth in Lending Act ("TILA"); and (3) violation of Real Estate Settlement and Procedures Act ("RESPA"). Defendant now moves to dismiss the SAC. Plaintiff opposes.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, — , 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

(9th Cir. 1990).  However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered.  *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds).  Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions.  *Id.*  It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment.[1]  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III.   DISCUSSION

### A.   Plaintiff Fails to Allege a Contractual Obligation to Serve as a Basis for Her Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

Every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."  *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 798 (2008).  "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract."  *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing *Racine & Laramie v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992)).  "It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract."  *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992).

This claim arises from the allegation that "Plaintiff was assured by Tiffany Waiyaki that the Subject Property would not be sold while Plaintiff was in the middle of a loan modification process." (*See* SAC ¶ 24.)  However, Plaintiff fails to allege in her a SAC a specific contractual obligation on which to premise her claim for the breach of the implied covenant of good faith and fair dealing.  *See Fortaleza*, 642 F. Supp. 2d at 1021-22.

---

[1] Defendant requests judicial notice for several documents recorded with the San Diego County Recorder's Office.  (Doc. 7-2.)  Plaintiff has not opposed.  Thus, the Court **GRANTS** Defendant's request for judicial notice.

Alternatively, she argues that "the Deed of Trust ("DOT") can be the contract upon which this claim is based," specifically identifying the provision that states "in case of default the '[l]ender *may* invoke the power of sale and any other remedies permitted by Applicable Law." (Pl.'s Opp'n 3:15–4:2 (emphasis and alteration in original).)  But the provision identified shows that Defendant was within its right to exercise the power of sale.  That provision in no way shows that the implied covenant of good faith and fair dealing imposed an obligation on Defendant that prevented it from exercising its right to sell the property.  Therefore, the alleged misconduct is outside the scope of the covenant of good faith as circumscribed by the aforementioned provision in the DOT.  *See Carma Developers*, 2 Cal. 4th at 373.  And on a final note, Plaintiff also fails to show that Defendant's alleged misconduct frustrated any of her rights to benefits under the DOT.  *See Fortaleza*, 642 F. Supp. 2d at 1021-22.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for the breach of the implied covenant of good faith and fair dealing.

### B.     Plaintiff's TILA Damages Claim Is Time Barred.

"TILA protects consumers from fraud, deception, and abuse within the residential secured lending marketplace by mandating that lenders disclose certain information to borrowers." *McOmie-Gray v. Bank of Am. Homes Loans*, — F.3d — , 2012 WL 390167, at *2 (9th Cir. 2012).  Under TILA, damage claims are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), and rescission claims are subject to a three-year statute of limitations, 15 U.S.C. § 1635(f).  The statute of limitations begins to run at the time the loan documents were signed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred . . . at the time the loan documents were signed.").

The doctrine of equitable tolling may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).  Equitable tolling "applies in situations . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Velazquez v. GMAC Mortg.*

*Corp.*, 605 F. Supp. 2d 1049, 1061 (C.D. Cal. 2008) (quoting *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2008)).  A court may only grant a motion to dismiss based on the running of the statute-of-limitations period "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

Plaintiff indicates that she consummated her loan with Defendant in December 2007.  (SAC ¶ 15.)  Based on that date, the statute of limitations expired in December 2008.  Plaintiff concedes that the limitations period indeed ended in December 2008, but she "did not become aware of the alleged violations until after the subject property had been sold at public auction." (Pl.'s Opp'n 4:12–15.)  However, the statute of limitations begins to run *at the time the loan documents were signed*. *Meyer*, 342 F.3d at 902.  Based on the July 2010 date when Plaintiff commenced this action, she brought this action over two and a half years after the statute of limitations had expired. *See id.*  Plaintiff also fails to demonstrate that the doctrine of equitable tolling applies. *See Velazquez*, 605 F. Supp. 2d at 1061.  Therefore, Plaintiff's TILA damages claim are time barred.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's TILA damages claim.[2]

### C. Plaintiff's RESPA Claim Is Time Barred.

RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(d); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f). *Patague v. Wells*

---

[2] Additionally, "Plaintiff concedes that her to rescission under TILA has been extinguished," and that she is unable to tender the amount of the loan transaction. (Pl.'s Opp'n 4:25–5:7.)  Thus, the Court also **DISMISSES WITH PREJUDICE** Plaintiff's TILA rescission claim.

*Fargo Bank, N.A.*, No. C 10-03460, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010). The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605, and one year for violations of § 2607 or § 2608, "from the date of the occurrence of the violation[.]" 12 U.S.C. § 2614.

Here, though it is not clear based on the allegations in the SAC, Plaintiff indicates in her Opposition that she asserts a RESPA claim under § 2607. (Pl.'s Opp'n 5:17–6:11.) As discussed above, Plaintiff indicates that she consummated her loan in December 2007, and based on that date, the statute of limitations expired in December 2008. *See* 12 U.S.C. § 2614. Based on the July 2010 when Plaintiff commenced this action, she brought this action over two and a half years after the statute of limitations had expired. *See id.* Moreover, though Plaintiff contends that she is entitled to equitable tolling, she fails to provide any legal or factual basis to support that contention. (Pl.'s Opp'n 5:14–16.) Rather, she merely declares that "equitable tolling applies to RESPA claims." (*Id.*) In sum, Plaintiff fails to demonstrate that her RESPA claim is entitled to equitable tolling, and thus her RESPA claim is time barred.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's RESPA claim.

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile.").

**IT IS SO ORDERED.**

DATED: October 16, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:
HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL